IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds, and CONSTRUCTION & GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL POST CONSTRUCTION CLEANING CORP., <br><br> Defendant. | Case No. 14-cv-01985 <br><br> Judge Gary Feinerman |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), James S. Jorgensen ("Jorgensen"), Administrator of the Funds, and the Construction & General Laborers' District Council of Chicago and Vicinity ("Union") (collectively "Plaintiffs"), by their attorneys, state:

1. On March 20, 2014, Plaintiffs Jorgensen and the Funds filed the original Complaint in this matter under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that the Company failed to report and pay contributions and failed

1

to obtain a surety bond as required by the parties' collective bargaining agreement.

2. On May 8, 2014, Plaintiffs process server, Scott Ducar, handed summons and complaint to Christopher M. Hopkins, the registered agent for Global Post Construction Cleaning Corp. ("Defendant"), at the location of 4250 216th Street, Matteson, Illinois, 60443. A copy of the notice identifying service of summons is attached as Exhibit 1 to this Motion.

3. On February 10, 2015, Plaintiffs filed their First Amended Complaint, which added the Union as a Plaintiff and terminated Christopher M. Hopkins as a Defendant. The First Amended Complaint also included an additional count seeking to confirm and enforce a final and binding arbitration award issued by the Joint Grievance Committee ("JGC") conducted pursuant to the provisions of a collective bargaining agreement ("JGC Award") between the Union and the Defendant under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

4. On March 11, 2015, pursuant to Plaintiffs' oral motion, the Court entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a).

5. As provided by the Funds' Field Representative, Rocco Marcello, and as shown by the fringe audit report prepared by Bansley and Kiener, LLP ("Bansley") covering the period from July 1, 2012 through June 30, 2014, principal contributions are owed to the Welfare, Pension, Training, CAICA, LECET, LMCC Funds and to the Union for dues in the amount of $10,977.38. Mr. Marcello's affidavit is attached hereto as Exhibit 2, together with a copy of the fringe benefit audit report.

6. Liquidated damages and interest are due on the amounts owed to the Funds as established by paragraphs 4 and 5 of Mr. Marcello's affidavit. Liquidated damages are owed in the amount of $2,063.88 with respect to the Pension, Welfare and Training contributions set forth in the

Bansley audit report. Liquidated damages of ten percent are owed with respect to the LDCMC, ISPA, LECET Funds and Union dues in the amount $65.80. Interest is also owed at the rate of 12-percent on delinquent amounts owed from the date of the delinquency through the end of February 2015. In this matter, interest has been calculated by Mr. Marcello in the amount of $1,220.20.

7. Accumulated penalties for untimely contribution payments are owed for the period from time of delinquency through the present in the amount of $2,024.63.

8. This Company owes audit fees in the amount of $1,531.82 for completion of the fringe benefit audit completed by Bansley.

9. As provided by the Union's Assistant Business Manager and Grievance Director, Martin Flanagan, and as shown by the wage audit report prepared by Bansley covering the period from July 1, 2012 through June 30, 2014 and the JGC Award, unpaid wages to employees working for the Defendant are owed in the amount of $6,259.50. Mr. Flanagan's affidavit is attached hereto as Exhibit 3, together with a copy of the wage benefit audit report. A copy of the JGC Award was attached to Plaintiffs' First Amended Complaint as Exhibit D.

10. Liquidated damages are due on the amounts awarded pursuant to the JGC Award as stated in paragraphs 8 through 10 of Mr. Falangan's affidavit and in the Award itself. Liquidated damages for the JGC Award total $3,755.70.

11. Reasonable attorneys' fees and costs are established by the affidavit of Ryan Matthew Thoma, Plaintiffs' counsel, in the amount of $10,053.50 in attorney's fees and $652.00 in costs. The affidavit of Mr. Thoma is attached as Exhibit 4.

12. According to the collective bargaining agreement, Article VI, Paragraph 1, all employers are required to procure, carry, and maintain a surety bond in an amount that is satisfactory

to the Union. A copy of the relevant portion of the collective bargaining agreement is attached as Exhibit 5. This bond must be in excess of $5,000.00 to guarantee the payment of wages and contributions to the Pension and Welfare Trust Funds during the terms of the relevant agreements. As stated in the affidavit of Mr. Marcello, Defendant has failed to provide evidence that it has obtained or currently maintains the required bond. Plaintiffs therefore request that Defendant, within 60-days of the date of this judgment order, provide written proof that it has obtained such a surety bond to Plaintiffs' counsel, Ryan M. Thoma, Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant consistent with Plaintiffs' drafted a proposed judgment order for a total judgment against in the amount of $ 39,211.91, and also direct the Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement.

                Respectfully submitted,

                By: /s/ Ryan M. Thoma
                    *One of the Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

April 1, 2015