IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds, and CONSTRUCTION & GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL POST CONSTRUCTION CLEANING CORP., <br><br> Defendant. | Case No. 14 C 1985 <br><br> Judge Gary Feinerman |

**PLAINTIFFS' MOTIONS TO REINSTATE THIS CAUSE
AND TO ENTER JUDGMENT CONSISTENT WITH THE
TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension and Welfare Funds (the "Funds"), by their attorneys respectfully request this Court to reinstate the above captioned matter, and consistent with the Parties' Settlement Agreement add Christopher Hopkins as an individual Defendant and enter judgment against the Defendants and in favor of the Funds. In support of this motion Plaintiffs state the following:

1. On or about July 14, 2015, the Parties entered into a Settlement Agreement And Release (the "Agreement"), covering the audited period of July 1, 2012 through June 30, 2014, to

1

resolve the above captioned lawsuit. A copy of the Agreement signed by Christopher Hopkins, as President of Global Post Construction Cleaning Corp., is attached hereto as Exhibit 1.

2. The terms of the Agreement (See Exh. 1 at ¶1) provide that, simultaneously with the execution of the Agreement, Christopher Hopkins would sign Global Post Construction Cleaning Corp's Installment Note (the "Note") with the Funds (See Exhibit 2, the Note), which is explicitly incorporated into the Agreement, and provides for the total payment amount of $48,813.14.

3. The terms of the Agreement (See Exh. 1 at ¶1) also provide that Christopher Hopkins would sign a Personal Guaranty ("Guaranty"), indicating that he personally guaranties the payment of $37,890.74 to the Funds. This Guaranty is also explicitly incorporated into the Agreement (See Exhibit 3 attached hereto).

4. The Agreement further provides that, if Global Post Construction Cleaning Corp. (the "Company"), fails to pay either its Note or its ongoing monthly contributions, it shall be deemed in default within ten (10) days after the date payments are due, or within ten (10) days of a material breach of the terms of the Agreement or Note (Exh. 1, ¶6).

5. In the event of a default, the Agreement provides that the Funds have the right to reinstate this action, and, upon motion in accordance with the Court rules and notice to the Company, the Funds are entitled to entry of judgment by the Court against the Company and against Christopher Hopkins, as an individual based on the Guaranty (Exh. 1, ¶6). The Agreement grants leave to amend the Complaint seeking judgment against Christopher Hopkins without further notice, and for all amounts due as described in the Agreement, Note and Guaranty, and for reasonable attorneys' fees incurred by the Funds to obtain the judgment order (Exh. 1, ¶6).

6. Additionally, according to the Agreement, the Company and Christopher Hopkins,

are not permitted to raise defenses to bar judgment of the unpaid balance (Exh. 1, ¶7). The Note also contains an acceleration clause enabling the Funds to collect the full amount remaining on the Note if the Company defaults (Exh. 2, ¶10). Thereby, upon motion, the Funds are entitled to entry of the balance owed against the Company and Christopher Hopkins in the event of a default.

7. According to the Agreement, the judgment shall include all unpaid amounts plus the reasonable attorneys' fees incurred in the Funds' efforts to seek compliance with the terms of the Agreement (Exh. 1, ¶¶6-7; Exh. 2, ¶10). The undersigned counsel has sent notice to the Company as specified in the Agreement and has further communicated with Mr. Hopkins by email and phone, sending notice of Plaintiffs' motion to reinstate this cause, adding Christopher Hopkins as an individual Defendant, and moving for judgment for the remaining balance on the Note and liquidated damages plus attorneys' fees.

8. According to the affidavit of Jean Mashos, the Director of the Funds' Field Department, the Company failed to submit <u>any</u> of its Note payments and was in default as of September 11, 2015, with a Note balance of $29,477.10 remaining due to the Funds pursuant to the Agreement and the Note and the Funds are also entitled to $2,947.71 in liquidated damages for these unpaid delinquent Note payments (See Exhibit 4, Mashos Affidavit at ¶¶5-7).

9. Additionally, the Company failed to timely pay its monthly work hour reports for September and October 2015, which it is obligated to pay pursuant to its collective bargaining agreement with the Union, and also under the terms of the Agreement and Note (Exh. 1, Agreement at ¶4; Exh. 2, Note at ¶10; Exh. 4, Mashos Affidavit at ¶6) . The Funds and the Union are entitled to assess liquidated damages on untimely payments as stated in Mashos's affidavit and as reflected by the attached penalty history reports for this contractor $1,637.61 is owed to the Funds and

$118,67 is owed to the Union for the respective accumulated liquidated damages (See Exh. 4, Mashos Affidavit at ¶¶6-7; and Exh. 4A, Penalty History Reports) .

10. According to the undersigned's attached affidavit and fee report, the attorneys' fees incurred in the Funds collection efforts from the date of breach on September 11, 2015 to the present show the amount of $4,882.50 is owed pursuant to the Parties' Agreement (See, Schumann Affidavit, Exhibit 5; Fee Report Exhibit 5A).

11. Thus, Plaintiffs seek to reinstate this cause consistent with the Parties' Stipulated Notice of Voluntary Dismissal, consenting to this Court's jurisdiction for the purpose of enforcing the Parties' Settlement Agreement through March 31, 2016 (See Docket No. 25).

WHEREFORE, Plaintiffs request this Court enforce the Parties' Agreement, reinstating this cause, adding Christopher Hopkins as an individual Defendant and entering judgment pursuant to the Parties' Agreement, for the remaining amounts owed on the Note, covering the audited period of July 1, 2012 through June 30, 2014, and for liquidated damages and the attorneys' fees incurred by the Funds from the date of the Company's default in its efforts to collect on the Note.

Respectfully submitted,

  /s/Sara S. Schumann  
*One of Plaintiffs' attorneys*

Karen I. Engelhardt  
Sara S. Schumann  
Ryan M. Thoma  
Allison, Slutsky & Kennedy, P.C.,  
230 West Monroe Street Suite 2600  
Chicago, IL 60606  
(312) 364-9400

February 12, 2016